# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **GARY ARTHUR SEEGERS, JR.** | * | **CIVIL ACTION NO. 15-2070** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **INTEGRATED PRODUCTION SERVICES, INC., ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## ORDER

On July 17, 2015, defendants, Integrated Production Services, Inc. ("IPS") and Superior Energy Services, Inc. ("Superior") removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, which requires complete diversity of citizenship between the adverse parties and an amount in controversy greater than $75,000.  (Notice of Removal).  "The removing party bears the burden of showing that federal jurisdiction exists."  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)).

When, as here, the state court petition seeks a money judgment, but state law does not permit a demand for a specific sum, then the removing defendant(s) may assert the amount in controversy in its notice of removal, which "should be accepted when not contested by the plaintiff or questioned by the court."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); 28 U.S.C. § 1446(c)(2)(A).  Here, however, the court joins plaintiff in questioning whether the amount in controversy exceeded the jurisdictional minimum at the time

of removal.  *See* Rule 26(f) Case Mgmt. Report [doc. # 16].[1]

Accordingly, within the next 14 days from the date of this order, removing defendants shall file a memorandum, *together with supporting evidence*, sufficient to establish that the requisite jurisdictional amount was in controversy at the time of removal.  Plaintiff may submit a response (and evidence) within 7 days thereafter, as needed.  If defendants fail to so comply, or if subject matter jurisdiction is found to be lacking, then the matter will be remanded to state court.

The court further observes that when, as here, jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'"  *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source).  This rule requires "strict adherence."  *Id.*

For purposes of diversity, the citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).[2]  Moreover, for each member of an LLC that is itself an LLC or *partnership*, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations.  *Lewis v. Allied Bronze, LLC*, 2007 WL 1299251 (E.D. N.Y. May 2, 2007); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (suggesting that to discern the citizenship of an LLC, the court must trace

---

[1] Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction.  *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A lack of subject matter jurisdiction may be raised at any time.  *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).  Furthermore, a court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction.  *Id.*

[2] Under Louisiana law, a limited liability company is an unincorporated association.  La. R.S. 12:1301A(10).  However, the law of the state where the defendant LLC is organized may differ.  *See* discussion, *infra*.  If so, defendants may address this issue in their amended notice of removal.

citizenship "down the various organizational layers"); *Feaster v. Grey Wolf Drilling Co.*, 2007 WL 3146363, *1 (W.D. La. Oct. 25, 2007) ("citizenship must be traced through however many layers of members or partners there may be").

In this case, the notice of removal does not set forth the members and citizenship for defendant, BG Oil & Gas Consulting LLC.  (Notice of Removal, ¶ 10).

In addition, removing defendants fail to clarify the organizational structure for defendant, Liberty Mutual Fire Insurance Company ("Liberty Mutual").  (Notice of Removal, ¶ 13.[3]  If Liberty Mutual is a corporation, then the "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of the corporation." *Getty Oil, supra* (emphasis added).  Simply alleging that a corporation is a "foreign insurer" or that its principal place of business is not in a given state, without affirmatively alleging where that principal place of business is, does not suffice to establish jurisdiction.  *See Getty Oil, supra*; *see also Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference). Alternatively, if this defendant is an unincorporated association, then the citizenship of each member must be alleged and considered.  *See* discussion, *supra*.

Accordingly, within the next seven days from the date of this order, removing defendants are granted leave of court to file an amended notice of removal which establishes the citizenship of the parties for purposes of diversity.  *See* 28 U.S.C. §1653.  If defendants fail to so comply, or

---

[3]  The Notice alleges only that Liberty Mutual is a foreign insurance "company."  *Id*.  It does not specify whether it is a corporation or an unincorporated association.  Although the Notice also fails to allege the organizational structure for defendants, Liberty Mutual Insurance Company and First Liberty Insurance Corporation, plaintiff apparently incorrectly named them in the complaint and does not intend to pursue them.

if subject matter jurisdiction is found to be lacking, then the matter will be remanded to state court.

       IT IS SO ORDERED.

       In Chambers, at Monroe, Louisiana, this 23rd day of October 2015.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE